O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

TERRY THOMAS WILLIAMS,         )      CASE NO. CV 14-00680 RZ
                                )
                Plaintiff,    )
                                )      MEMORANDUM OPINION
        vs.                   )      AND ORDER
                                )
CAROLYN W. COLVIN,           )
Acting Commissioner of Social Security,  )
                                )
                Defendant.  )
                                )

The Social Security Commissioner found that Plaintiff Terry Thomas Williams could perform work at all exertional levels.  The record does not support this conclusion, and accordingly the matter must be reversed and remanded for further proceedings.

The Administrative Law Judge found that Plaintiff had "the following severe impairments: a history of seizures, an organic mental disorder, and a history of polysubstance abuse." [AR 34]  While he found that Plaintiff could not perform any past relevant work [AR 40], he nevertheless found that Plaintiff could perform other jobs in the economy, and therefore was not disabled. [AR 41] Each of the other jobs that he identified — hand packager, night cleaner, and cleaner II [AR 41] — required a medium level of exertion, under the classifications identified in the Labor Department's DICTIONARY OF OCCUPATIONAL TITLES. (DICTIONARY, Nos. 920.587-018, 381.687-018, and 919.687-014).

1  [AR 71]  This was in keeping with the Administrative Law Judge's finding that Plaintiff
2  retained the capacity to perform at all levels of exertion. [AR 35]

3        That finding was not backed by substantial evidence.  It rested on a single
4  consultative examination by Dr. Vesali in December 2010, who assessed no limitations on
5  Plaintiff's functioning.  [AR 555-56]  Dr. Vesali, however, examined no records [AR 553]
6  and, for his diagnosis, stated "History of seizures.  The claimant's medical history is not
7  consistent with grand mal seizures."  [AR 555]  In discussing Dr. Vesali's assessment, the
8  Administrative Law Judge added that "[o]f note, Dr. Vesali opined that the claimant's
9  seizures appeared to be related to alcohol either from heavy alcohol use or abrupt cessation
10 which triggered alcohol withdrawal seizures.  Exh. 14F."  The Court can find no such
11 statement in the report from Dr. Vesali.  A neurological consultation from a different
12 doctor two years earlier did include such statements [AR 275-76], but, as noted, Dr. Vesali
13 did not review any records in making his determination, and the Administrative Law
14 Judge's assessment cannot fairly be ascribed to Dr. Vesali.  *Cf. Ceguerra v. Secretary of*
15 *Health & Human Services*, 933 F.2d 735, 738 (9th Cir. 1991) (court can review agency
16 decision only on the basis articulated by the agency).

17       Whatever the etiology of the seizures, Dr. Vesali diagnosed Plaintiff with a
18 history of seizures, and the Administrative Law Judge found that Plaintiff had a severe
19 impairment of, among other things, a history of seizures.  [AR 34]  Dr. Vesali qualified his
20 functional assessment, wherein he suggested no limitations, by saying that he did not feel
21 Plaintiff's condition would impose any limitations for 12 continuous months "unless the
22 diagnosis of seizures is confirmed."  [AR 555]  Yet the other doctors mentioned by the
23 Administrative Law Judge referenced Plaintiff's having had seizures [AR 398, 424] and
24 two other doctors *not* mentioned by the Administrative Law Judge also said that Plaintiff
25 had had seizures.  [AR 586-88, 655]  Although there may have been some dispute about
26 what caused the seizures, there does not really seem to be any dispute over the fact that
27 there *were* seizures.  As noted, the Administrative Law Judge himself found that Plaintiff
28 had a severe impairment consisting of a "history of seizures."

Given that Plaintiff had seizures, the reliance on Dr. Versali's opinion that Plaintiff had no exertional limitations, with its somewhat internally inconsistent statement that Plaintiff had a history of seizures and that the opinion of functionality would differ if seizures were confirmed, is too brittle a platform on which to ground a finding that there were no exertional limitations on Plaintiff's residual functional capacity. Each of the other four doctors assessed that Plaintiff could not work at all exertional levels, but rather was limited to at least light exertional activity. As noted, the Administrative Law Judge did not discuss two of these opinions, one by Dr. Chien [AR 586-88 ] and one by Dr. Aral [AR 655]. In this Court, the Commissioner seeks to defend the omission as to Dr. Chien by assuming that the Administrative Law Judge would have dismissed the opinion. But the omission cannot be so easily overlooked; the Administrative Law Judge must discuss all evidence that is probative, *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984), and the Court can only evaluate the reasons that the Administrative Law Judge gave, not those that he might have given. *Ceguerra, supra*. Likewise, the opinion of Dr. Aral, which appears to have been submitted to the Appeals Council, received no discussion, and thus there is no basis for understanding the Appeals Council's determination that the opinion would not have changed the result. The Commissioner's speculation in this Court as to how that opinion might have been evaluated cannot be a basis for rejecting it, for the Court can only evaluate reasons that in fact were given.

The Court must reverse the matter if substantial evidence does not support the decision. "Substantial evidence" is a term of art traditionally used when reviewing administrative decisions, and it carries the traditional meaning here: "more than a mere scintilla . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must review the entire record in making its determination as to whether substantial evidence supports the Commissioner's decision. *Id.* Having reviewed the entire record, the Court concludes, for the reasons discussed above, that substantial evidence does not support the finding that Plaintiff could perform at all exertional levels and, since all the identified jobs

were in the medium category of exertion but the substantial evidence indicated Plaintiff could perform only in the light or lesser category, the determination that Plaintiff was not disabled must be reversed.

IT IS SO ORDERED.

DATED:   January 15, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE